UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant |
| Ann Grant<br>Daniel Sroutian | | Gina Och |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS (Docket #31, filed July 31, 2013)

## I. INTRODUCTION

Plaintiff Storm Manufacturing Group filed this action in this Court on December 20, 2012, against defendants Nick Rogers ("Rogers") and Weather Tec Corporation ("Weather Tec"). Plaintiff filed an amended complaint ("FAC") on March 11, 2013. Plaintiff alleges violations of the Lanham Act, 15 U.S.C. § 1125(a), the Sherman Act, 15 U.S.C. § 2, the Clayton Act, 15 U.S.C. § 14, California Business & Professions Code §§ 17533.7 and 17200, California Civil Code § 1770, and claims for intentional interference with prospective economic advantage, negligent misrepresentation, negligent interference with prospective economic advantage, trade libel, and defamation.[1]

On February 19, 2013, defendants filed a motion to dismiss for lack of personal jurisdiction and a motion to transfer this action to the United States District Court for the Eastern District of California. Dkt. #8. The Court issued an order on March 13, 2013, denying defendants' motion to dismiss for lack of personal jurisdiction. Dkt. #11. By order dated April 15, 2013, the Court denied defendants' motion to transfer the action to the Eastern District of California. Dkt. #16.

---

[1] Plaintiff consents to the dismissal of its claims for negligent misrepresentation and violation of Cal. Civil Code § 1770. Opp. Mot. Dismiss 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

  Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b), 9(g), and 12(b)(6) on July 31, 2013, seeking dismissal of all claims for relief for lack of standing, and dismissal of the third, eighth, ninth, tenth, and eleventh claims for relief for failure to state a claim. Dkt. # 31. Defendants' motion also requests that the Court strike the prayers for punitive damages from the complaint. Notice Mot. Dismiss 2-3. Plaintiff filed an opposition on September 3, 2013, Dkt. #33, and defendants filed a reply on September 9, 2013, Dkt. # 34. The Court held a hearing on September 23, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

  The allegations in plaintiff's FAC are as follows. Plaintiff and Weather Tec are California corporations, with their principal places of business in California. FAC ¶¶ 17, 18. Rogers is a resident of Fresno County, California. Weather Tec has approximately 70 percent of the market in California and the Pacific Northwest for the manufacture of brass impact sprinklers, which are used for agricultural irrigation. Id. ¶ 30. Plaintiff has approximately 15 percent of that market. Id.

  Plaintiff alleges that Weather Tec claims in its advertising materials and on its packaging and labeling that its brass impact sprinklers and the rest of its product line are "made in the USA." Id. ¶ 32. The advertisements display the American flag and state, "40 years Made in the USA," and "All Weather Tec Products are proudly made right here in the United States of America." Id. This packaging and advertising material has reached approximately 28 distributors in the Central District of California on a "regular and systematic basis." Id. ¶ 33.

  Plaintiff alleges that Weather Tec's entire product line, including the heads of Weather Tec sprinklers, is "substantially and/or partially made, manufactured, or produced with component parts" manufactured outside the United States. Id. ¶ 35. Plaintiff alleges that customers and distributors of brass impact sprinklers for agricultural purposes are likely to rely on fraudulent claims that a product is made in the United States, because supporting American companies and jobs is a key factor in these customers' and distributors' purchasing decisions. Id. ¶ 36. Plaintiff concludes that, as a result of defendants' representations about its products being manufactured in the United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

States, customers and distributors are fraudulently induced to purchase Weather Tec's products rather than plaintiff's.  Id. ¶ 37.

According to plaintiff, defendants have also engaged in "illegal anticompetitive conduct" as follows: (1) issuing an ultimatum to customers and distributors of brass impact sprinklers that Weather Tec would not sell any brass impact sprinklers to them if they also purchased "offshore" sprinklers made by plaintiff, id. ¶ 38(a); (2) refusing to sell brass impact sprinklers to customers and distributors unless Weather Tec was the only brand purchased, id. ¶ 38(b); (3) agreeing to decrease the price of Weather Tec brass impact sprinklers below Weather Tec's normal price to match plaintiff's normal price, on the condition that a customer or distributor not purchase "import" brass impact sprinklers from plaintiff, and would replace its "import" sprinklers with Weather Tec's products, id. 38(c).[2]

Plaintiff alleges several specific examples of this conduct in its fourth claim for relief, id. ¶¶ 77-91.  Plaintiff alleges that Weather Tec coerced distributor Rain 4 Rent to purchase Weather Tec's products instead of plaintiff's products.  Id. ¶ 84(c).  In addition, plaintiff alleges that Weather Tec entered into an "exclusionary arrangement" with distributor Agri-Valley, offering Agri-Valley a discount on Weather Tec's products on the condition that it would replace its inventory of plaintiff's products with Weather Tec's products.  Id. ¶ 84(d).  Plaintiff alleges that, through this conduct, defendants

---

[2]Plaintiff does not specifically allege what relationship defendant Rogers has to defendant Weather Tec.  However, the Court infers that plaintiff apparently alleges that Rogers acted as an agent of Weather Tec in carrying out the alleged misrepresentations and anticompetitive conduct.  In this regard, plaintiff alleges that both defendants have "engaged and continue to engage in deceptive advertising, marketing, attempted monopolization, exclusionary arrangements and other anticompetitive practices."  FAC ¶ 5.  Plaintiffs also allege that both defendants "commenced publishing false . . . and defamatory statements concerning [p]laintiff."  Id. ¶ 9.  In addition, plaintiff refers to "[d]efendants' [a]nticompetitive, exclusionary and unfair strategy and tactics."  Id. at p. 10:4.  Similarly, plaintiff alleges that Weather Tec, "through its representatives acting under its supervision and control," falsely represented its products as being made in the United States.  Id. ¶ 48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

"illegally exploited the monopoly" obtained through these activities, id. ¶ 39, and that plaintiff lost customers, sales, and goodwill as a result, id. ¶ 42.

Plaintiff also alleges that defendants have published "false, misleading, and defamatory statements" about plaintiff and its products to third parties, including actual and potential customers of plaintiff. Id. ¶¶ 9-10. These statements have "interfered with [p]laintiff's ability to operate its business and have caused substantial harm to [p]laintiff's reputation." Id. ¶ 15.

## III. LEGAL STANDARD

### A. Standing

In order to establish standing to assert a claim, a plaintiff must do the following: (1) demonstrate an injury in fact, which is concrete, distinct and palpable, and actual or imminent; (2) establish a causal connection between the injury and the conduct complained of; and (3) show a substantial likelihood that the requested relief will remedy the alleged injury in fact. See McConnell v. Fed'l Election Comm'n, 540 U.S. 93, 225-26 (2003).

Because standing relates to a federal court's subject matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1), not Rule 12(b)(6). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). The Ninth Circuit has noted a distinction between facial and factual jurisdictional attacks under Rule 12(b)(1). Id. at 1242 ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual."). "Where the motion presents a facial jurisdictional attack—that is, where the motion is based solely on the allegations in the complaint—the court must accept these allegations as true. Where, however, the challenge is factual—where it is based on extrinsic evidence, apart from the pleadings—the court may resolve factual disputes in order to determine whether it has jurisdiction." Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co., 361 F. Supp. 2d 1244, 1247 (E.D. Wash. 2004) (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)). The court, however, may not resolve these disputes "'if issues of jurisdiction and substance are intertwined,' that is, if the jurisdictional question is dependent on the resolution of factual issues going to the merits." Id. (quoting Roberts, 812 F.2d at 1177).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

"It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." Warth v. Seldin, 422 U.S. 490, 518 (1975). "For the purposes of ruling on a motion to dismiss for want of standing, both the trial and the reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Id. at 501; Takhar v. Kessler, 76 F.3d 995, 1000 (9th Cir. 1996). "At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." Warth, 422 U.S. at 501-02.

  **B.** **Fed. R. Civ. P. 12(b)(6)**

  A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

  In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

    **C.**    **Fed. R. Civ. P. 12(f)**

    A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

    **D.**    **Fed. R. Civ. P. 9(b)**

    Fed. R. Civ. P. 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Fed. R. Civ. P. 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

    A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

  **E. Fed. R. Civ. P. 9(g)**

  Fed. R. Civ. P. 9(g) states that claims for special damages must be "specifically stated." Special damages are the natural, but not the necessary or usual, consequence of the defendant's conduct. 5A Charles A. Wright, Arthur R. Miller et al., Fed. Practice and Procedure § 1310 (3d ed. 1998). Under this rule, a "bare allegation of the amount of pecuniary loss" is insufficient. Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1047 (C.D. Cal. 1998). The rule is designed to "inform defending parties as to the nature of the damages claimed in order to avoid surprise; and to inform the court of the substance of the complaint." Great Am. Indem. Co. v. Brown, 307 F.2d 306, 308 (5th Cir. 1962).

**IV. DISCUSSION**

  **A. Plaintiff's Standing Under Federal Law**

  Defendants argue that plaintiff lacks standing, under Article III of the United States Constitution, to bring any of their claims.[3] Mot. Dismiss 3; Reply Mot. Dismiss 2. Defendants also argue that plaintiff lacks standing under California law to bring its claims under Cal. Civil Code § 1770 and Cal. Bus. & Prof. Code § 17200, et seq. Finally,

---

[3] Defendants raise their standing challenge by a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Because standing relates to a federal court's subject matter jurisdiction under Article III, it is properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1), not Rule 12(b)(6). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Accordingly, the Court will treat the portions of defendants' motion to dismiss that challenge plaintiff's standing under Article III as arising under Fed. R. Civ. P. 12(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

defendants argue that plaintiff has failed to state a claim for intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and trade libel. Notice Mot. Dismiss 1-2.[4]

The Court will first address plaintiff's Article III standing challenge.[5] Standing under Article III of the United States Constitution requires that three elements be established. First, the plaintiff must have suffered a concrete injury in fact. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Second, there must be a causal connection between the action of the defendant and the alleged injury. Id. Third, it must be likely that the injury will be "redressed by a favorable decision." Id.

Beyond its citation to several of the leading Supreme Court and Ninth Circuit cases on constitutional standing, Mot. Dismiss 3, defendants provide little explanation why plaintiff lacks standing. The only elaboration occurs in defendants' reply brief. There, defendants argue that plaintiff lacks standing "particularly" as to Rogers, and that plaintiff "must set forth allegations showing that it has standing to sue" Rogers. Reply Mot. Dismiss 2. Defendants challenge the "conflation" of Rogers and Weather Tec, and argue that plaintiff must treat each defendant separately in its complaint, rather than grouping both defendants together. Id. Defendants also note that a plaintiff may have standing under California law to bring a claim in California state court, but might nevertheless lack the Article III standing necessary to pursue the same claim in federal court. Reply Mot. Dismiss 3 (citing Hangarter v. Provident Life and Accident Ins. Co., 373 F.3d 998, 1021-22 (9th Cir. 2004).

---

[4] Since plaintiff has consented to the dismissal of its negligent misrepresentation claim and its claim under Cal. Civil Code § 1770, the Court will not separately address those claims.

[5] All of the cases cited by defendants in support of its argument that plaintiff lacks standing under federal law address the Article III requirements of a concrete injury in fact that is traceable to the alleged conduct and is likely to be redressed by a favorable judicial decision. See Mot. Dismiss 3; Reply Mot. Dismiss 2. Defendants do not appear to argue that plaintiff lacks antitrust standing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

  The Court determines that plaintiff has adequately alleged constitutional standing on all of its claims.  Plaintiff has alleged that it has suffered a concrete injury in fact through the loss of business and damage to its reputation.  See, e.g., Central Ariz. Water Conservation Dist. v. EPA, 990 F.2d 1531, 1538 (9th Cir. 1993) ("Pecuniary injury is clearly 'a sufficient basis for standing.'"); Erwin Chemerinsky, Fed. Jurisdiction 70 (5th ed. 2007) ("[V]iolations of common law rights remain sufficient for standing purposes."); FAC ¶¶ 15, 37, 42.  Plaintiff has also sufficiently alleged causation of that injury by defendants' conduct.  In this regard, plaintiff alleges that defendants' false advertising, disparaging statements, and anti-competitive practices resulted in the alleged injury by drawing customers and business away from plaintiff.[6]  E.g., FAC ¶¶ 15, 37, 42.  Finally, the injunctive relief and money damages sought by plaintiff would clearly redress its alleged injuries.  See Lujan, 504 U.S. at 560.  The injunctive relief sought by plaintiff would prevent defendants from continuing their alleged anti-competitive practices and false advertising, and money damages would compensate plaintiff for revenue already lost.  FAC Prayer Relief ¶¶ 13-21.

  Defendants' argument that plaintiff lacks standing to sue defendant Rogers is unavailing because plaintiff alleges that both he and defendant Weather Tec are responsible for the conduct alleged in the FAC.  Plaintiff alleges that both defendants have "engaged and continue to engage in deceptive advertising, marketing, attempted monopolization, exclusionary arrangements and other anticompetitive practices."  FAC ¶ 5.  Plaintiffs also allege that both defendants "commenced publishing false . . . and defamatory statements concerning [p]laintiff."  Id. ¶ 9.  Similarly, plaintiff alleges that defendant Weather Tec, "through its representatives acting under its supervision and control," falsely represented its products as being made in the United States.  Id. ¶ 48.  While it is true that the FAC alleges, at various points, conduct by defendant Weather Tec without reference to Rogers, the "reasonable inference," Pareto, 139 F.3d at 699, to be drawn from the FAC as a whole is that plaintiff is alleging that Weather Tec is acting through its agents, including Rogers.  See FAC ¶ 21 (alleging that "all defendants were

---

  [6]At the motion to dismiss stage, a causal link is sufficiently alleged for standing purposes as long as it is not "hypothetical or tenuous."  Nat'l Audubon Society, Inc. v. Davis, 307 F.3d 835, 849 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

agents, servants and employees of their co-defendants, and . . . were acting within the scope of their authority of such agents").

To the extent that factual issues exist as to defendant Roger's liability on these claims, they may be addressed in a motion for summary judgment or at trial. Moreover, while defendants may be correct that a plaintiff may have standing to bring a particular claim in a California state court, but not in a federal court, see Hangarter, 373 F.3d at 1021-22, that consideration is not relevant here. As explained above, plaintiff has alleged a basis for standing to sue in federal court.

**B.     Plaintiff's California Law Claims**

Aside from challenging plaintiff's standing under federal law, defendants argue that plaintiff lacks standing under California law to bring its claim for unfair competition under Cal. Bus. & Prof. Code § 17200, et seq. (the "UCL").[7] Defendants also argue that plaintiff fails to state a claim for intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and trade libel.

1.     Cal. Bus. & Prof. Code § 17200, et seq.

Defendants argue that plaintiff lacks standing to bring this claim against either defendant because it has not "spent money, lost money, or property, or been denied money to which he or she was entitled." Mot. Dismiss 3. The Court is unpersuaded by defendants' argument, and finds that plaintiff has alleged a basis for standing to sue under the UCL. A private plaintiff has standing to bring a claim under the UCL if it has suffered an injury in fact, and "lost money or property as a result of unfair competition." Kwikset Corp. v. Sup. Ct., 51 Cal. 4th 310, 320-21 (2011). Plaintiff satisfies this requirement by alleging that defendants' alleged misstatements that their own product is made in the United States "have . . . caused and will continue to cause [p]laintiff" to lose

---

[7]Defendants also argue that plaintiff lacks standing to bring its claim under Cal. Civil Code § 1770, but the Court will not address this claim because plaintiff has consented to its dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

customers, damage plaintiff's goodwill, and diminish the value of plaintiff's products. FAC ¶¶ 142-25.

> 2. Plaintiff's Claim for Intentional Interference with Prospective Economic Advantage

The tort of intentional interference with prospective economic advantage consists of: (1) an economic relationship between the plaintiff and a third party, with the probability of future benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts by the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff caused by the defendant's acts. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003). The plaintiff must also prove that the defendant's conduct was "wrongful by some legal measure other than the fact of interference itself." Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 393 (1995) (quotation omitted).

Defendants argue that plaintiff has not alleged sufficient facts to support this claim, Mot. Dismiss 8, and has only made generalized conclusory allegations of economic harm, without identifying relationships with specific distributors or customers with which defendants have interfered, Reply Mot. Dismiss 5. In addition, defendants argue that plaintiff's allegations show merely a "lost opportunity for future business," which is insufficient to state a claim for this tort. Mot. Dismiss 8 (citing Westside Ctr. Assocs v. Safeway Stores 23, Inc., 42 Cal. App. 4th 507, 523-28 (1996)) .

Plaintiff responds that it has alleged anticompetitive practices, including the use of ultimatums and preferential pricing to "restrain [customers and distributors] from purchasing and selling" plaintiff's product. Opp. Mot. Dismiss 7 (quoting FAC ¶ 41). Plaintiff also argues that the FAC contains allegations of the development by plaintiff of economic relationships with various customers and distributors, and that defendants falsely represented to those customers and distributors that Weather Tec's products were made in the United States in order to persuade them to sever their business relationship with plaintiff. Id. at 8 (citing FAC ¶¶ 130-132). Finally, plaintiff argues that it has sufficiently alleged harm resulting from lost customers, sales, and goodwill as a result of defendants' actions. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

The Court finds plaintiff's arguments persuasive. In order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff need not provide factual allegations at the level of detail argued for by defendants. See Twombly, 550 U.S. at 555. Plaintiff alleges the existence of economic relationships with customers and distributors, FAC ¶ 130, and alleges a variety of intentional acts on the part of defendants designed to disrupt those relationships, e.g., id. ¶¶ 130-32. Finally, plaintiff alleges that defendants' actions resulted in actual economic harm such as lost sales and profits. Id. ¶ 91. Defendant's reliance on Safeway Stores, 42 Cal. App. 4th at 522-28, is misplaced. In that case, the California Court of Appeal held that a defendant is not liable for this tort based on interference with a "relationship with the general market." Id. at 529-30. Unlike in Safeway Stores, plaintiff alleges that defendants interfered in existing economic relations with customers and distributors. FAC ¶ 130.

Moreover, while defendants do not argue that plaintiff's claim should be dismissed for failure to allege conduct that is independently wrongful, see Della Penna, 11 Cal. 4th at 393, the Court finds that plaintiff has sufficiently alleged such conduct. As discussed above, plaintiff alleges that defendants engaged in anticompetitive practices, FAC ¶ 41, and misrepresented the origin of their products, FAC ¶¶ 130-32, resulting in economic harm to plaintiff. Accordingly, the Court finds that plaintiff has stated a claim for intentional interference with prospective economic advantage.

> 3. Plaintiff's Claim for Negligent Interference with Prospective Economic Advantage

The tort of negligent interference with prospective economic advantage consists of substantially the same elements as the related intentional tort. However, the defendant must also owe the plaintiff a duty of care. LiMandri v. Judkins, 52 Cal. App. 4th 326, 348 (1997); 5 Witkin, Summ. Cal. Law § 753 (10th ed. 2005). While the plaintiff and the defendant need not be in privity, some sort of special relationship is required. 5 Witkin, Summ. Cal. Law § 751. As defendants correctly argue, plaintiff has not alleged or argued that defendants owe it such a duty. Reply Mot. Dismiss 5. The Court therefore finds that plaintiff has not stated a claim for negligent interference with prospective economic advantage.

> 4. Plaintiff's Claim for Trade Libel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

To state a claim for trade libel, a plaintiff must allege "an intentional disparagement" of the quality of the plaintiff's property, that results in monetary damage. 5 Witkin, Summ. Cal. Law § 645 (10th ed. 2005); Leonardini v. Shell Oil Co., 216 Cal. App. 3d 547, 572 (1989). This disparagement must take the form of a statement of fact, not opinion. Optinrealbig.com, LLC v. Ironport Systems, Inc., 323 F. Supp. 2d 1037, 1048 (N.D. Cal. 2004). A plaintiff must also allege special damages, subject to the heightened pleading standard under Fed. R. Civ. P. 9(g). TYR Sport Inc. v. Warnaco Swimwear Inc., 679 F. Supp. 2d 1120, 1140 (C.D. Cal. 2009). To meet that heightened standard, a plaintiff "must identify the particular purchasers who have refrained from dealing with him, and specify the transactions of which he claims to have been deprived." Erlich v. Etner, 224 Cal. App. 2d 69, 73-74 (1964) (citation omitted).

Defendants argue that plaintiff has not stated a claim for this tort because it has not pled the elements of intent or causation, and has not pled special damages with the specificity required by Fed. R. Civ. P. 9(g). Mot. Dismiss 11-12. Plaintiff responds that it has sufficiently pled all the elements of a trade libel claim. Opp. Mot. Dismiss 9-10. Moreover, it argues that its allegations of damage to reputation, along with its claim for attorneys fees and costs of the action are sufficient to satisfy the Fed. R. Civ. P. 9(g) pleading standard. Id. at 10-11. In their reply, defendants argue that damage to reputation, attorney's fees, and costs of the action do not form a proper basis for a trade libel claim. Reply Mot. Dismiss 6-9.

The Court finds that plaintiff has not satisfied the Rule 9(g) heightened pleading applicable to its claim. The FAC does not contain any specific allegations of pecuniary loss to satisfy this pleading standard. Rather, it contains "bare allegation[s]" of loss of business. See Isuzu Motors, 12 F. Supp. 2d at 1047. As relevant here, plaintiff alleges that defendants' statements "caused [p]laintiff to lose business," FAC ¶ 15, and that plaintiff has "lost prospective contracts" and "suffered substantial injury" to its business, FAC ¶ 157. Those allegations do not rise to the level of identifying "particular purchasers" or "specif[ic] transactions." Erlich, 224 Cal. App. 2d at 73-74.

Plaintiff's argument that its allegations of attorney's fees, costs of the action, and damage to reputation satisfy Rule 9(g) lacks merit. While plaintiff is correct that attorney's fees and costs often constitute a form of special damages, 5A Charles A. Wright, Arthur R. Miller et al., Fed. Practice and Procedure § 1310 (3d ed. 1998), they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

are not on their own a sufficient basis for a trade libel claim; plaintiff must allege special damages incurred by its business as a result of defendants' statements, and not as a result of plaintiff's own prosecution of a lawsuit.  As the California Court of Appeal stated in Erlich, "[t]he plaintiff must prove in all cases that the publication [caused] others not to deal with him, and that *as a result he has suffered special damages*."  224 Cal. App. 2d at 73 (citing Prosser on Torts) (emphasis added).

Plaintiff's allegation of reputational harm is similarly insufficient because, as defendants argue, the purpose of a trade libel claim is to redress pecuniary harm only. Microtec Research, Inc. v. Nationwide Mutual Ins. Co., 40 F.3d 968, 972 (9th Cir. 1994) (quoting Leonardini, 216 Cal. App. 3d at 573) (noting that an action for trade libel "is based on pecuniary damage").  While it is conceivable that reputational harm might lead to pecuniary harm in the form of lost customers, plaintiff has not alleged pecuniary harm with the specificity required by Rule 9(g).  Plaintiff has therefore not stated a claim for trade libel.

### C.    Plaintiff's Request for Punitive Damages

Defendants argue, pursuant to Fed. R. Civ. P. 12(b)(6), that plaintiff has not alleged sufficient facts to support a recovery of punitive damages on its claim for intentional interference with prospective economic advantage,  FAC ¶ 136, or its request for punitive damages in the FAC's Prayer for Relief section, FAC Prayer Relief ¶ 21. Mot. Dismiss 12-15; Reply Mot. Dismiss 10-11.  Defendants also move to strike those same requests pursuant to Fed. R. Civ. P. 12(f).[8]  Mot. Dismiss 12.  Defendants argue that plaintiff does not allege sufficient facts showing that defendants are guilty of "oppression, fraud, or malice."  Mot. Dismiss 13-15.  According to defendants, plaintiff's allegations are deficient because they are conclusory, or are based solely on "information

---

[8]Defendants also move to strike plaintiff's request for punitive damages associated with its claim under Cal. Civil Code § 1770 and its claim for negligent interference with prospective economic advantage.  Plaintiff has agreed to voluntarily dismiss these claims, along with its request for punitive damages based on its claim for negligent interference with prospective economic advantage.  It is therefore not necessary for the Court to address those components of defendants' motion to strike.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

and belief." Id. In addition, defendants argue that plaintiff does not sufficiently allege conduct by Rogers. Reply Mot. Dismiss 10-11. Finally defendants argue that punitive damages are unavailable against Weather Tec because plaintiff does not allege that Weather Tec's conduct was authorized or ratified by a Weather Tec director or officer. Id. Plaintiff responds that the allegations in its FAC are sufficient to support a prayer for punitive damages at the motion to dismiss stage. Opp. Mot. Dismiss 11-12.

The Court finds that plaintiff has not alleged sufficient facts to support its request for punitive damages against defendant Weather Tec. A punitive damage award against a corporation is only appropriate if the conduct at issue is authorized or ratified by a director or manager of the corporation. Cal. Civil Code § 3294(b); White v. Ultramar, Inc., 21 Cal. 4th 563, 571-72 (1999). Plaintiff does not allege such authorization or ratification by a manager or director of Weather Tec. Accordingly, the Court will grant defendants' motion with respect to plaintiff's request for punitive damages in paragraph 136 of the FAC, and paragraph 21 of the FAC's Prayer for Relief. Since plaintiff's request for punitive damages against Weather Tec is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the Court declines to consider defendants' motion to strike that request pursuant to Fed. R. Civ. P. 12(f).

However, the Court finds that plaintiff has alleged sufficient facts to support its request for punitive damages against defendant Rogers. Punitive or exemplary damages are appropriate when a defendant has "been guilty of oppression, fraud, or malice." Cal. Civil Code § 3294. Plaintiff's allegations that defendant Rogers misrepresented the country of origin of Weather Tec's products, FAC ¶ 132, suffices as an allegation of fraud. See id. § 3294(c)(1) (defining fraud as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury"). The Court therefore denies defendants' motion to dismiss plaintiff's request for punitive damages against Rogers.

Moreover, the Court finds that defendants have not met their burden of showing that the request for punitive damages against defendant Rogers is "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). Therefore, the Court will deny defendants' motion to strike plaintiffs' request for punitive damages against Rogers, both in paragraph 136 of the FAC, and paragraph 21 of the FAC's Prayer for Relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10849 (CAS) (FFMx) | Date | September 23, 2013 |
|---|---|---|---|
| Title | STORM MANUFACTURING GROUP INC. V. WEATHER TEC CORPORATION, ET AL. | | |

**V.   CONCLUSION**

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss.  Defendants' motion is GRANTED without prejudice with regard to plaintiff's claims under Cal. Civil Code § 1770 (Claim 3), negligent misrepresentation (Claim 9), and trade libel (Claim 11).  Defendants' motion is also GRANTED with regard to plaintiff's request for punitive damages against defendant Weather Tec in paragraph 136 of the FAC, and paragraph 21 of the FAC's Prayer for Relief.  Defendants' motion is otherwise DENIED.

Defendants' motion to strike is DENIED.

Plaintiff shall have until **October 23, 2013** to file an amended complaint that corrects the deficiencies in the dismissed claims identified herein.  Failure to do so may result in the dismissal of those claims with prejudice.[9]

IT IS SO ORDERED.

|  | 00 : 02 |
|---|---|
| Initials of Preparer | MS |

---

[9] Plaintiff contends that defendants failed to complete the meet and confer, and had defendants completed the meet and confer, they would have known that plaintiff would agree to dismiss the third and ninth claims, and strike its request for punitive damages associated with its claim for negligent interference with prospective economic advantage.  Opp. Mot. Dismiss 1.  Defendants respond that the grounds for their motion to dismiss were discussed during mediation sessions, and that they also sent plaintiff a meet and confer letter on or about July 31, 2013.  According to defendants, plaintiff did not respond until it filed its opposition to the motion to dismiss.  Reply Mot. Dismiss 1.  The parties are admonished to comply with all meet and confer requirements in the future.