**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STORM MANUFACTURING GROUP, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WEATHER TEC CORPORATION, a California Corporation; NICK ROGERS, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | ) CASE NO. CV12-10849 CAS (FFMx)<br>)<br>) HONORABLE FREDERICK F. MUMM<br>)<br>) **[PROPOSED] PROTECTIVE ORDER**<br>)<br>) Note Changes Made by Court<br>)<br>)<br>)<br>)<br>) |

WHEREAS, discovery in the above-captioned case will involve the production of certain information which Plaintiff Storm Manufacturing Group, Inc. and Defendants Weather Tec Corp. and Nick Rogers (collectively the "Parties") contend is confidential, proprietary and/or contains trade secrets, including proprietary business and personal financial information, the disclosure of which may cause competitive injury and damages to them, or which would unnecessarily invade the privacy of a party or person; and

/ / /

/ / /

WHEREAS, the Parties desire to agree to the following protective order to provide a procedure for the proper handling and protection of confidential information of the Parties or of non-parties;

NOW THEREFORE, the Parties hereby move for entry of a protective order on the terms set forth below:

## ~~PROPOSED~~ PROTECTIVE ORDER

This Protective Order shall govern the handling of documents, responses to discovery requests (including responses to interrogatories, responses to requests for admission, responses to requests for production of documents, or other formal methods of discovery, including the Rule 26 exchange of documents), depositions, pleadings, exhibits, and all other information exchanged by the Parties (collectively, the "Discovery Material") in the above-captioned action.

### Good Cause Statement

1. Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter this Protective Order because the Parties could be prejudiced by the dissemination of any confidential, sensitive, and proprietary documents, information, personal financial information, and trade secrets as defined in California Civil Code §§3426, *et seq.* The disclosure of this information may cause competitive injury and damages to the Parties and/or would unnecessarily invade the privacy of a party or person.

### Use and Disclosure Limited to this Litigation

2. ~~The use and/or disclosure of any and all Discovery Material provided by either party in the course of this litigation, regardless of the Discovery Material's designation or lack of designation, shall be limited to use and/or disclosure in the above-captioned action.~~ **(FFM)**

I. **DESIGNATION OF DISCOVERY MATERIALS AS "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY"**

3. The Provisions set forth below in this Protective Order shall apply only to, and may be used to designate only, documents or information provided by one Party to the other, or provided by non-parties to the Parties, as part of discovery in this lawsuit.

4. Any Party shall have the right to designate as "CONFIDENTIAL" any document or information produced in this action or in response to discovery which that Party considers in good faith to contain information involving:

   (a) Confidential business or financial information that has not been publicly disclosed; or

   (b) Confidential agreements with third parties; or

   (c) Any material that otherwise constitutes a trade secret as that term is defined in California Civil Code §3426.1(d); or

   (d) Information subject to a pre-existing confidentiality and/or privacy agreement; or

   (e) Other proprietary and non-public information for which a Party reasonably believes disclosure could have an adverse business or competitive impact.

5. The Parties shall have the right to designate as "ATTORNEYS' EYES ONLY" the following documents or information produced in this action or in response to discovery, because the parties consider them to contain information that (i) is highly confidential and proprietary; (ii) constitutes a protectable trade secret, as that term is defined in California Civil Code §3426.1; and or (iii) for which disclosure could assist another Party in competing with the producing Party:

3

[PROPOSED] PROTECTIVE ORDER

(a) Sales Projections;

(b) All sales data specific to a specified distributor;

(c) Internal discussions concerning pricing for products;

(d) Discussions with third party vendors regarding pricing and/or marketing for products;

(e) Negotiations and agreements with third parties;

(f) Communications relating to distribution and/or accounting/crediting products;

(g) Communications regarding strategy in developing new relationships and strengthening existing relationships with third parties including distributors;

(h) Business plans and/or strategy in marketing the Parties' products; and

(i) Documents, information and/or material described in paragraphs 4(c) and 4(e), above, which if disclosed to a Party or non-party could assist that Party or non-party in competing with the producing Party.

6. The Parties may discover additional categories of documents that should be categorized as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The enumeration of categories above is without prejudice to the Parties' right to seek modification of this Protective Order to include additional categories of documents that should be classified as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

7. The designation of Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made by stamping each page of the document containing such information with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY" prior to its production, or by any other method agreed to in writing by counsel for the Parties.

8. Only documents marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be subject to the provisions set forth below.

9. In the case of information or Discovery Material produced by third parties, any Party hereto shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the event such information or Discovery Material contains confidential information of the designating Party. The Party shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by notifying the other Party of such designation either prior to or within twenty (20) days after the production of such Materials by the third party. All Parties hereto shall thereafter treat such materials as "CONFIDENTIAL" or 'ATTORNEYS' EYES ONLY" in accordance with the notice of designation.

10. Any notes, summaries, compilations, or copies containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information or electronic images or databases containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images, or databases is made or derived.

11. With respect to deposition transcripts, or portions thereof, such transcripts may be designated as subject to this Protective Order at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by

the reporter, as the designating Party may direct.

12. Inadvertent failure to designate any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection.

13. This Protective Order is not intended to prohibit the use or admissibility of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information in this case. Issues involving the protection of "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" information and Discovery Material during trial will be presented to the Court prior to or during trial as each Party deems appropriate.

**Prior Public Knowledge**

14. This Protective Order shall not apply to any information or Discovery Material that, prior to disclosure, is public information or knowledge, and the restrictions contained in this Protective Order shall not apply to information and Discovery Material that are, or after disclosure become, public knowledge other than by an act or omission of the Party or others subject to this Protective Order to whom such disclosure is made pursuant thereto, or that is legitimately and independently acquired from a source not subject to this Protective Order.

**Challenge to Confidentiality Designation**

15. This Protective Order shall not preclude any Party from (i) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order; (ii) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order; or (iii) applying for an order modifying this Protective Order in any respect.

16. No Party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

17. The Party that designated the material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" has the burden of establishing that the document or material is entitled to protection.

### Third Party Discovery

18. Discovery obtained from any third party in response to any subpoena shall be protected in accordance with this Protective Order if such a third party requests such protection and complies with the provisions thereof.

II. **USE OF DESIGNATED INFORMATION**

19. Each Party and all persons bound by the terms of this Protective Order shall use any information or Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" governed by this Protective Order only for the purpose of the prosecution or defense of the claims asserted or to be asserted in this action. No Party or other person shall use, disclose, or release any such information or Discovery Material governed by this Protective Order for any purpose other than the prosecution or defense of said claims. The attorneys of record for the Parties and other persons receiving such information governed by this Protective Order shall take all reasonable steps to ensure that such information and Discovery material governed by this Protective Order are (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons. Nothing herein shall be construed to limit in any way any Party's use of its own information.

**Restrictions on Disclosure of Materials Designated "CONFIDENTIAL"**

20. Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "CONFIDENTIAL" shall not be disclosed to or discussed with any person except:

(a) the Parties and their parents, subsidiaries, and affiliates, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(b) the Parties' attorneys of record in this action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(c) in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(d) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

(e) employees of outside copying, printing, binding or computer input services;

(f) subject to Paragraph 23, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action; and

(g) subject to Paragraph 23, such other persons as the Parties may agree or may be ordered by the Court.

/ / /

**Restrictions on Disclosure of Discovery Designated**

**"ATTORNEYS' EYES ONLY"**

21. Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "ATTORNEYS EYES ONLY" shall not be disclosed or discussed with any person except, on a need-to-know basis:

    (a) the Parties' attorneys of record in this action, the partners, members, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (b) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

    (c) employees of outside copying, printing, binding, or computer input services;

    (d) subject to Paragraph 23, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (e) subject to Paragraph 23, such other persons as the parties may agree or may be ordered by the Court.

22. If only a portion of a document or other Discovery Material designated by a Party as "ATTORNEYS' EYES ONLY" reflects highly confidential and proprietary information as described in Paragraph 5 hereof, the designating Party shall, upon request, produce a non-"ATTORNEYS' EYES ONLY" version of the document or other Discovery Material with only the highly confidential and proprietary

information redacted. If the parties are unable to agree upon whether the redacted portions of any such document or Discovery Material are appropriately designated as "ATTORNEYS' EYES ONLY," the Parties may seek a determination by the Court as provided herein.

### Certification of Persons to Whom Discovery materials are Disclosed

23. Prior to disclosure of any discovery Materials designated "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" to any person described in paragraphs 20 (f)-(g) or 21(d)-(e) hereof, such person shall be given a copy of this Protective Order and shall sign a certification in the form of Exhibit A attached hereto. Such signed and completed certification shall be retained by the attorneys of record for the disclosing Party. The Party securing such certification shall take reasonable steps to ensure that each person signing the certification observes the terms of this Protective Order.

### Disclosure to Author or Recipient

24. Notwithstanding any other provisions of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing information or Discovery Material to any person whom the particular item of information or Discovery Material clearly identifies as an author, addressee, or copy recipient of the particular item of Discovery Material; and, regardless of designation pursuant to this Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or Discovery Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute

disclosure within the terms of this Protective Order.

### Disclosure Pursuant to Subpoena or Other Compulsory Process

25. If a receiving Party receives a subpoena or other compulsory process commanding the production of information or Discovery material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that Party shall promptly notify the designating Party. The Party receiving the subpoena or compulsory process shall not produce any such information or Discovery Material in response to the subpoena without providing the designating Party reasonable notice so that Party can object to the disclosure if it chooses. The Party receiving the subpoena or other compulsory process shall not object to the designating Party having a reasonable opportunity to appear in the litigation or process seeking disclosure of information or Discovery material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," for the sole purpose of seeking to prevent or restrict disclosure thereof.

### No Limitation on Providing Advice to Client

26. This Protective Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any Party client his or her evaluation in a general way of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her Party client, the attorney shall not disclose the specific contents of such material, where disclosure would be contrary to the terms of this Protective Order.

/ / /

/ / /

**Disclosure of Discovery Materials Designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the Court**

27. No document shall be filed under seal unless counsel secures a court order allowing the filing of the document under seal. An application to file under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity that has custody or control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed. If an application to file a document under seal is granted by the Court, a redacted version of the document shall be e-filed, and a courtesy copy of the unredacted document shall be delivered to the Court.

### III. RETURN OF DESIGNATED INFORMATION

28. Upon final disposition or resolution of this Action, upon written request by a designating Party within sixty (60) days after such final disposition or resolution, each Party shall either (i) assemble and return all information and Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," including all copies, to the Party from whom the designated material was obtained or (ii) destroy all such information and Discovery Material and provide a certification of destruction, at the option of the Party in possession thereof.

29. Notwithstanding the foregoing, outside counsel of record for each party may retain for its archives (i) one full set of copies of all pleadings, affidavits, declaration, briefs, memoranda, expert reports, and exhibits and other papers filed in this Action; (ii) one set of transcripts of all testimony taken at any depositions,

hearings or trial (with exhibits); and (iii) all of its own work product generated in connection with this Action.

30. Any such materials that are not returned or destroyed shall remain subject to this Protective Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated.

## IV. MODIFICATION, WAIVER OR TERMINATION OF PROTECTIVE ORDER

31. No part of the restrictions imposed by this Protective Order may be modified, waived, or terminated, except by the written stipulation executed by counsel of record for each Party, or by an Order of the Court for good cause shown.

## V. HEADINGS

32. The headings in this Joint Motion are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Protective Order.

**IT IS SO ORDERED.**

DATED: February 7, 2014

                                      /S/ FREDERICK F. MUMM
                                      HON. FREDERICK F. MUMM
                                      UNITED STATES MAGISTRATE JUDGE

**FORM PROTECTIVE ORDER**

**ATTACHMENT 'A'**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STORM MANUFACTURING GROUP, INC., a California Corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>WEATHER TEC CORPORATION, a California Corporation; NICK ROGERS, an individual, and DOES 1-10, inclusive,<br><br>           Defendants. | CASE NO. CV12-10849 CAS (FFMx) |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2014, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

NAME: _____

JOB TITLE: _____

EMPLOYER: _____

BUSINESS ADDRESS: _____

_____

_____

DATED: _____   _____